**IN THE UNITED STATES DISTRCT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| *In re: PharMerica Data Breach Litigation* | Case No. 3:23-cv-00297-RGJ<br><br>Judge Rebecca Grady Jennings |

---

**DEFENDANT'S ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

---

Defendant PharMerica Corporation ("PharMerica" or "Defendant"), through its undersigned attorneys, files this Answer to the First Amended Consolidated Class Action Complaint (the "Complaint") of Plaintiffs, David Hibbard, Frank Raney, James Young, Holly Williams, Micaela Molina and Charley Luther, on behalf of themselves and all others similarly situated ("Plaintiffs"), as follows:

Except to the extent expressly admitted below, Defendant generally denies each and every allegation contained in the Complaint, each and every purported cause of action in it, and further deny that Plaintiff or the putative class have been damaged in the manner alleged. Because the headings, footnotes, and exhibits in and attached to the Complaint are not allegations, Defendant does not respond to them. To the extent a response to the headings, footnotes, and exhibits is necessary, Defendant denies the allegations contained in any headings, footnotes, and exhibits.

**<u>NATURE OF THE ACTION</u>**

1.      Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant admits that it obtains certain information from its patients and employees. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 3.

4.      Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate.

5.      Defendant admits that it was the victim of a cyberattack. Defendant denies any remaining allegations.

6.      There are no factual allegations directed at Defendant in Paragraph 6 to admit or deny. To the extent any allegations are directed at Defendant, they are denied. Defendant denies that class action treatment is appropriate.

7.      There are no factual allegations directed at Defendant in Paragraph 7 to admit or deny. To the extent any allegations are directed at Defendant, they are denied.

8.      There are no factual allegations directed at Defendant in Paragraph 8 to admit or deny. To the extent any allegations are directed at Defendant, they are denied.

9.      There are no factual allegations directed at Defendant in Paragraph 9 to admit or deny. To the extent any allegations are directed at Defendant, they are denied.

10.     Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate.

11.     Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate.

2

12.     Paragraph 12 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 14.

15.     There are no factual allegations directed at Defendant in Paragraph 15 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

16.     Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 17.

18.     Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and others. The remainder of Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 18.

19.     Defendant admits that Plaintiffs purport to bring this action on behalf of

themselves and others. The remainder of Paragraph 19 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 19.

## PARTIES

20.     There are no factual allegations directed at Defendant in Paragraph 20 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

21.     There are no factual allegations directed at Defendant in Paragraph 21 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

22.     There are no factual allegations directed at Defendant in Paragraph 22 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

23.     There are no factual allegations directed at Defendant in Paragraph 23 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied

24.     There are no factual allegations directed at Defendant in Paragraph 24 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied

25.     There are no factual allegations directed at Defendant in Paragraph 25 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

26.     Defendant admits the allegations in Paragraph 26.

## JURISDICTION AND VENUE

27.    Paragraph 27 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that this Court has jurisdiction over the subject matter of this Complaint.

28.    Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that this Court has jurisdiction over the subject matter of this Complaint.

29.    Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that this Court has proper venue.

## FACTUAL ALLEGATIONS

30.    Defendant admits the allegations in Paragraph 30.

31.    Defendant admits that it collects certain information from its employees and its healthcare partners. Defendant denies any remaining allegations.

32.    Paragraph 32 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 52.

33.    In response to Paragraph 33, Defendant states that the quoted webpage speaks for itself.

34.    There are no factual allegations directed at Defendant in Paragraph 34 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied

35.    Paragraph 35 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 35.

36.    Defendant lacks sufficient knowledge about what Plaintiffs and Class Members did and therefore denies the same. Defendant denies that the action is appropriate for class treatment and denies the remaining allegations in Paragraph 36.

37.    There are no factual allegations directed at Defendant in Paragraph 37 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

38.    There are no factual allegations directed at Defendant in Paragraph 38 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

39.    There are no factual allegations directed at Defendant in Paragraph 39 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

40.    There are no factual allegations directed at Defendant in Paragraph 40 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

41.    There are no factual allegations directed at Defendant in Paragraph 41 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

42.     There are no factual allegations directed at Defendant in Paragraph 42 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

43.    There are no factual allegations directed at Defendant in Paragraph 43 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

44.     There are no factual allegations directed at Defendant in Paragraph 44 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

45.     In response to Paragraph 45, Defendant states that the quoted letter speaks for itself.

46.     Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 46.

47.     There are no factual allegations directed at Defendant in Paragraph 47 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant lacks sufficient information to answer the allegations in Paragraph 49 and therefore denies them.

50.     Defendant states that the Notice Letter speaks for itself. Defendant denies that class action treatment is appropriate and deny the remaining allegations in Paragraph 50.

51.     Defendant admits that it offered free credit monitoring to all notified individuals. The remainder of the allegations in Paragraph 51 are legal conclusions to which no answer is required. Defendant denies any remaining allegations in Paragraph 51.

52.     Paragraph 52 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 52.

53.     There are no factual allegations directed at Defendant in Paragraph 53 to

admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

54.    There are no factual allegations directed at Defendant in Paragraph 54 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

55.    There are no factual allegations directed at Defendant in Paragraph 55 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

56.    Paragraph 56 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 56.

57.    Defendant denies Plaintiffs' characterization of any standards. Defendant denies any remaining allegations in Paragraph 57.

58.    Defendant denies Plaintiffs' characterization of any standards. Defendant denies any remaining allegations in Paragraph 58.

59.    Defendant denies Plaintiffs' characterization of any standards. Defendant denies any remaining allegations in Paragraph 59.

60.    Paragraph 60 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 60.

61.    There are no factual allegations directed at Defendant in Paragraph 61 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

62.    There are no factual allegations directed at Defendant in Paragraph 62 to

admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

63.    There are no factual allegations directed at Defendant in Paragraph 63 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

64.    There are no factual allegations directed at Defendant in Paragraph 64 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

65.    There are no factual allegations directed at Defendant in Paragraph 65 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

66.    There are no factual allegations directed at Defendant in Paragraph 66 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

67.    Paragraph 67 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

68.    Paragraph 68 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

69.    Paragraph 69 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

70.    In response to Paragraph 70, Defendant lacks sufficient information to answer the allegations related to Plaintiffs and therefore deny the same. Defendant denies that class action treatment is appropriate. In addition, Paragraph 70 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

71.     Paragraph 71 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 71.

72.     There are no factual allegations directed at Defendant in Paragraph 72 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

73.     There are no factual allegations directed at Defendant in Paragraph 73 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

74.     There are no factual allegations directed at Defendant in Paragraph 74 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

75.     There are no factual allegations directed at Defendant in Paragraph 75 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

76.     There are no factual allegations directed at Defendant in Paragraph 76 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

77.     There are no factual allegations directed at Defendant in Paragraph 77 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

78.     There are no factual allegations directed at Defendant in Paragraph 78 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

79.     There are no factual allegations directed at Defendant in Paragraph 79 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

80.     There are no factual allegations directed at Defendant in Paragraph 80 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

81.     There are no factual allegations directed at Defendant in Paragraph 81 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

82.     There are no factual allegations directed at Defendant in Paragraph 82 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

83.     There are no factual allegations directed at Defendant in Paragraph 83 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

84.     There are no factual allegations directed at Defendant in Paragraph 84 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

85.     There are no factual allegations directed at Defendant in Paragraph 85 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

86.     There are no factual allegations directed at Defendant in Paragraph 86 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

87.    There are no factual allegations directed at Defendant in Paragraph 87 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

88.    There are no factual allegations directed at Defendant in Paragraph 88 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

89.    There are no factual allegations directed at Defendant in Paragraph 89 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

90.    There are no factual allegations directed at Defendant in Paragraph 90 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

91.    There are no factual allegations directed at Defendant in Paragraph 91 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Paragraph 95 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

96.    Paragraph 96 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

97.    There are no factual allegations directed at Defendant in Paragraph 97 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

98.    There are no factual allegations directed at Defendant in Paragraph 98 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

99.    Defendant states that the quoted language in Paragraph 99 speaks for itself. To the extent a response is required, denied.

100.    Defendant states that the quoted language in Paragraph 100 speaks for itself. To the extent a response is required, denied.

101.    Paragraph 101 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

102.    Defendant states that the quoted language in Paragraph 102 speaks for itself. To the extent a response is required, denied.

103.    Paragraph 103 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

104.    Defendant states that the quoted language in Paragraph 104 speaks for itself. The remainder of Paragraph 104 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

105.    Paragraph 105 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

106.    Paragraph 106 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

107.    Paragraph 107 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

108.    Paragraph 108 is a legal conclusion to which no answer is required. To the

extent an answer is required, Defendant denies the allegations.

109.    Defendant states that the quoted language in Paragraph 109 speaks for itself. The remainder of Paragraph 109 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

110.    There are no factual allegations directed at Defendant in Paragraph 110 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

111.    There are no factual allegations directed at Defendant in Paragraph 111 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

112.    Defendant denies Plaintiffs' characterization of any standards. Defendants deny any remaining allegations in Paragraph 112.

113.    Defendant denies Plaintiffs' characterization of any standards. Defendants deny any remaining allegations in Paragraph 113.

114.    Defendant denies Plaintiffs' characterization of any standards. Defendants deny any remaining allegations in Paragraph 114.

115.    Paragraph 115 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 115.

116.    There are no factual allegations directed at Defendant in Paragraph 116 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

117.    There are no factual allegations directed at Defendant in Paragraph 117 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

118.    There are no factual allegations directed at Defendant in Paragraph 118 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

119.    There are no factual allegations directed at Defendant in Paragraph 119 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

120.    There are no factual allegations directed at Defendant in Paragraph 120 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

121.    There are no factual allegations directed at Defendant in Paragraph 121 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

122.    There are no factual allegations directed at Defendant in Paragraph 122 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

123.    There are no factual allegations directed at Defendant in Paragraph 123 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

124.    There are no factual allegations directed at Defendant in Paragraph 124 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

125.    There are no factual allegations directed at Defendant in Paragraph 125 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

126.    Defendant states that the Notice Letter speaks for itself. Defendant denies that class action treatment is appropriate and deny the remaining allegations in Paragraph 126.

127.    There are no factual allegations directed at Defendant in Paragraph 127 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

128.    There are no factual allegations directed at Defendant in Paragraph 128 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

129.    There are no factual allegations directed at Defendant in Paragraph 129 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

130.    There are no factual allegations directed at Defendant in Paragraph 130 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

131.    There are no factual allegations directed at Defendant in Paragraph 131 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

132.    There are no factual allegations directed at Defendant in Paragraph 132 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

133.    There are no factual allegations directed at Defendant in Paragraph 133 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

134.    There are no factual allegations directed at Defendant in Paragraph 134 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

135.    There are no factual allegations directed at Defendant in Paragraph 135 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

136.    There are no factual allegations directed at Defendant in Paragraph 136 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

137.    Paragraph 137 is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

138.    There are no factual allegations directed at Defendant in Paragraph 138 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

139.    There are no factual allegations directed at Defendant in Paragraph 139 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

140.    There are no factual allegations directed at Defendant in Paragraph 140 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

141.    Paragraph 141 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 141.

142.    Paragraph 142 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 142.

143.    Paragraph 143 contains legal conclusions to which no answer is required. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 143.

144.    There are no factual allegations directed at Defendant in Paragraph 144 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

145.    There are no factual allegations directed at Defendant in Paragraph 145 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

146.    There are no factual allegations directed at Defendant in Paragraph 146 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

147.    Defendant lacks sufficient knowledge to answer the allegations related to Plaintiffs and Class Members and therefore deny the same. In addition, Paragraph 147 contains legal conclusions to which no answer is required. Defendant denies that class treatment is appropriate and denies any remaining allegations.

148.    Defendant lacks sufficient knowledge to answer the allegations related to Plaintiffs and Class Members and therefore deny the same. In addition, Paragraph 148 contains legal conclusions to which no answer is required. Defendant denies that class treatment is appropriate and denies any remaining allegations.

149.    Paragraph 149 is a legal conclusion to which no answer is required. To the

extent an answer is required, the allegations are denied.

150.    Defendant admits that an individual named David Hibbard was employed by a subsidiary of Res-Care during the approximate time frame of 2014 to 2020.

151.    In response to Paragraph 151 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant lacks sufficient information to answer the allegations related to Plaintiff Hibbard and therefore denies the same. Defendant denies any remaining allegations.

152.    In response to Paragraph 152, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant states that the Notice Letter speaks for itself. Defendant denies any remaining allegations.

153.    There are no factual allegations directed at Defendant in Paragraph 153 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

154.    There are no factual allegations directed at Defendant in Paragraph 154 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

155.    There are no factual allegations directed at Defendant in Paragraph 155 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

156.    There are no factual allegations directed at Defendant in Paragraph 156 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

157.    There are no factual allegations directed at Defendant in Paragraph 157 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

158.    There are no factual allegations directed at Defendant in Paragraph 158 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

159.    There are no factual allegations directed at Defendant in Paragraph 159 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

160.    Defendant lacks sufficient knowledge about Plaintiff Raney's alleged post-operation care and therefore denies the same.

161.    In response to Paragraph 161 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant lacks sufficient information to answer the allegations related to Plaintiff Raney and therefore denies the same. Defendant denies any remaining allegations.

162.    In response to Paragraph 162, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant states that the Notice Letter speaks for itself. Defendant denies any remaining allegations.

163.    There are no factual allegations directed at Defendant in Paragraph 163 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

164.    There are no factual allegations directed at Defendant in Paragraph 164 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

165.    There are no factual allegations directed at Defendant in Paragraph 165 to admit or deny. To the extent any remaining allegations are directed at Defendant, they

are denied.

166.    There are no factual allegations directed at Defendant in Paragraph 166 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

167.    There are no factual allegations directed at Defendant in Paragraph 167 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

168.    There are no factual allegations directed at Defendant in Paragraph 168 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

169.    There are no factual allegations directed at Defendant in Paragraph 169 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

170.    There are no factual allegations directed at Defendant in Paragraph 170 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

171.    In response to Paragraph 171 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant denies that BrightSpring and PharMerica merged. Defendant lacks sufficient information to answer the allegations related to Plaintiff Williams and therefore denies the same. Defendant denies any remaining allegations.

172.    In response to Paragraph 172, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant denies any remaining allegations.

173.    There are no factual allegations directed at Defendant in Paragraph 173 to

admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

174.     There are no factual allegations directed at Defendant in Paragraph 174 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

175.     There are no factual allegations directed at Defendant in Paragraph 175 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

176.     There are no factual allegations directed at Defendant in Paragraph 176 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

177.     There are no factual allegations directed at Defendant in Paragraph 177 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

178.     There are no factual allegations directed at Defendant in Paragraph 178 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

179.     There are no factual allegations directed at Defendant in Paragraph 179 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

180.     In response to Paragraph 180 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant lacks sufficient information to answer the allegations related to Plaintiff Young and therefore denies the same. Defendant denies any remaining allegations.

181.    In response to Paragraph 181, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant states that the Notice Letter speaks for itself. Defendant denies any remaining allegations.

182.    There are no factual allegations directed at Defendant in Paragraph 182 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

183.    There are no factual allegations directed at Defendant in Paragraph 183 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

184.    There are no factual allegations directed at Defendant in Paragraph 184 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

185.    There are no factual allegations directed at Defendant in Paragraph 185 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

186.    There are no factual allegations directed at Defendant in Paragraph 186 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

187.    There are no factual allegations directed at Defendant in Paragraph 187 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

188.    There are no factual allegations directed at Defendant in Paragraph 188 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

189.    Defendant admits that an individual name Micaela Molina was employed by a BrightSpring subsidiary on the approximate alleged dates. Defendant denies that BrightSpring and PharMerica merged.

190.    In response to Paragraph 190, Defendant admits that it obtains certain information from its employees. Defendant lacks sufficient information to answer the allegations related to Plaintiff and therefore deny the same. Defendant denies any remaining allegations.

191.    There are no factual allegations directed at Defendant in Paragraph 191 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

192.    In response to Paragraph 192 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant lacks sufficient information to answer the allegations related to Plaintiff Molina and therefore denies the same. Defendant denies any remaining allegations.

193.    In response to Paragraph 193, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant denies any remaining allegations.

194.    There are no factual allegations directed at Defendant in Paragraph 194 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

195.    There are no factual allegations directed at Defendant in Paragraph 195 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

196.    There are no factual allegations directed at Defendant in Paragraph 196 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are

denied.

197.    There are no factual allegations directed at Defendant in Paragraph 197 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

198.    There are no factual allegations directed at Defendant in Paragraph 198 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

199.    There are no factual allegations directed at Defendant in Paragraph 199 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

200.    Defendant lacks sufficient information to answer the allegations related to Plaintiff Luther and therefore deny the same. Defendant denies any remaining allegations.

201.    In response to Paragraph 201 Defendant admits that it mailed notification to all potentially impacted individuals. Defendant lacks sufficient information to answer the allegations related to Plaintiff Luther and therefore denies the same. Defendant denies any remaining allegations.

202.    In response to Paragraph 202, Defendant admits that it offered potentially impacted individuals credit monitoring. Defendant denies any remaining allegations.

203.    There are no factual allegations directed at Defendant in Paragraph 203 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

204.    There are no factual allegations directed at Defendant in Paragraph 204 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

205.    There are no factual allegations directed at Defendant in Paragraph 205 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

206.    There are no factual allegations directed at Defendant in Paragraph 206 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

207.    There are no factual allegations directed at Defendant in Paragraph 207 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

208.    There are no factual allegations directed at Defendant in Paragraph 208 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

209.    There are no factual allegations directed at Defendant in Paragraph 209 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

210.    There are no factual allegations directed at Defendant in Paragraph 210 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

211.    There are no factual allegations directed at Defendant in Paragraph 211 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

## CLASS ACTION ALLEGATIONS

212.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

213.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

214.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

215.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 215 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

216.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 216 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

217.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 217 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

218.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 218 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

219.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 219 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

220.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 220 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

221.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 221 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

222.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 222 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

223.    Defendant admits that Plaintiffs purport to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged. In addition, Paragraph 223 contains legal conclusions to which no answer is required. Defendant denies any remaining allegations.

224.    Paragraph 224 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 224.

225.    Paragraph 225 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 225.

## COUNT I
### NEGLIGENCE
**(On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)**

226.    Defendant restates and incorporates by reference its responses to the

28

previous allegations as if fully set forth herein.

227. Paragraph 227 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 227.

228. Paragraph 228 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 228.

229. Paragraph 229 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 229.

230. Paragraph 230 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 230.

231. Paragraph 231 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 231.

232. Paragraph 232 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 232.

233. Paragraph 233 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 233.

234. Paragraph 234 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 234.

235. Paragraph 235 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 235.

236. Paragraph 236 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 236.

237. Paragraph 237 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 237.

238. Paragraph 238 contains legal conclusions to which no answer is required.

To the extent an answer is required, Defendant denies the allegations in Paragraph 238.

239.    Paragraph 239 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 239.

240.    Paragraph 240 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 240.

241.    Paragraph 241 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 241.

242.    Paragraph 242 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 242.

243.    Paragraph 243 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 243.

244.    Paragraph 244 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 244.

245.    Paragraph 245 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 245.

246.    Paragraph 246 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 246.

247.    Paragraph 247 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 247.

248.    Paragraph 248 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 248.

249.    Paragraph 249 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 249.

250.    Paragraph 250 contains legal conclusions to which no answer is required.

To the extent an answer is required, Defendant denies the allegations in Paragraph 250.

251.    Paragraph 251 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 251.

252.    Paragraph 252 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 252.

253.    Paragraph 253 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 253.

254.    Paragraph 254 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 254.

255.    Paragraph 255 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 255.

256.    Paragraph 256 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 256.

257.    Paragraph 257 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 257.

258.    Paragraph 258 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 258.

259.    Paragraph 259 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 259.

**COUNT II**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)**

260.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein.

261.    Paragraph 261 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 261.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Paragraph 265 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 265.

266.    Paragraph 266 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 266.

267.    Denied.

268.    Denied.

269.    Paragraph 269 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 269.

270.    Paragraph 270 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 270.

271.    Denied.

272.    Paragraph 272 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 272.

273.    Paragraph 273 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 273.

274.    Paragraph 274 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 274.

275.    Paragraph 275 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 275.

276.    Paragraph 276 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 276.

277.    Paragraph 277 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 277.

## COUNT III
## BREACH OF THIRD-PARTY BENEFICIARY CONTRACT
**(On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)**

Count III (paragraphs 278-286) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

## COUNT IV
## BREACH OF FIDUCIARY DUTY
**(On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)**

Count IV (paragraphs 287-294) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

## COUNT V
## INVASION OF PRIVACY
**(On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)**

295.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein.

296.    Paragraph 296 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 296.

297.    Paragraph 297 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 297.

298.    Paragraph 298 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 298.

299.    Paragraph 299 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 299.

300.    Paragraph 300 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 300.

301.    Paragraph 301 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 301.

302.    Paragraph 302 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 302.

303.    Denied.

304.    Paragraph 304 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 304.

305.    Paragraph 305 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 305.

306.    Paragraph 306 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 306.

307.    Defendant admits that Plaintiffs seek injunctive relief. The remainder of Paragraph 307 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

308.    Defendant admits that Plaintiffs seek compensatory damages. The remainder of Paragraph 308 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

## COUNT VI
## UNJUST ENRICHMENT
### (On Behalf of Plaintiffs and the Nationwide Class or, in the Alternative, the State Subclasses)

309.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein.

310.    Paragraph 310 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 310.

311.    Paragraph 311 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 311.

312.    Paragraph 312 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 312.

313.    Denied.

314.    Denied.

315.    Paragraph 315 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 315.

316.    Paragraph 316 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 316.

317.    Paragraph 317 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 317.

318.    There are no factual allegations directed at Defendant in Paragraph 318 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

319.    Paragraph 319 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 319.

320.    Paragraph 320 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 320.

321.    Paragraph 321 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 321.

322.    Paragraph 322 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 322.

323.    Paragraph 323 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 323.

## COUNT VII
### VIOLATIONS OF KENTUCKY'S CONSUMER PROTECTION ACT
### (Ky. Rev. Stat. Ann. § 367.110, *et seq.*)
### (On Behalf of Plaintiffs and the Class)

Count VII (paragraphs 324-331) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

## COUNT VIII
### VIOLATIONS OF MICHIGAN'S DATA BREACH PROMPT NOTIFICATION LAW
### (MICH. COMP. LAWS ANN. § 445.72(1), *et seq.*)
### (On Behalf of Plaintiff Young and the Michigan Class)

Count VIII (paragraphs 332-339) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

## COUNT IX
### Violation of California's Unfair Competition Law ("UCL")
### Unlawful Business Practice
### (Cal Bus. & Prof. Code § 17200, *et seq.*)
### (On Behalf of Plaintiffs Molina, Luther and the California Subclass)

Count IX (paragraphs 340-356) was dismissed by order of the Court [Dkt. No. 46]

and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

### COUNT X
### Violation of the California Consumer Records Act
### Cal. Civ. Code § 1798.80, *et seq.*
### (On Behalf of Plaintiff Molina, Luther and the California Subclass)

Count X (paragraphs 357-364) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

### COUNT XI
### Violation of the California Consumer Privacy Act
### Cal. Civ. Code § 1798.150
### (On Behalf of Plaintiff Molina, Luther and the California Subclass)

Count XI (paragraphs 365-371) was dismissed by order of the Court [Dkt. No. 46] and has not been re-pleaded. Therefore, no response is necessary or required. To the extent a response is required: Denied.

### COUNT XII
### Violation of the California Confidentiality of Medical Information Act
### ("CMIA"), Cal. Civ. Code § 56, *et seq.*
### (On Behalf of Plaintiffs Molina, Luther and the California Subclass)

372.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein. Plaintiff Molina's claim was dismissed by order of the Court [Dkt. No. 46] and no response is necessary or required as it pertains to Plaintiff Molina. If a response is required to any factual allegation about Plaintiff Molina, it is denied.

373.    There are no factual allegations directed at Defendant in Paragraph 373 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

374.    Paragraph 374 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 374.

375.    Paragraph 375 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 375.

376.    Paragraph 376 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 376.

377.    Paragraph 377 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 377.

378.    Paragraph 378 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 378.

379.    Paragraph 379 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 379.

380.    Paragraph 380 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 380.

381.    Paragraph 381 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 381.

382.    Paragraph 382 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 382.

383.    Paragraph 383 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 383.

384.    Paragraph 384 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 384.

385.    Paragraph 385 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 385.

386.    Paragraph 386 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 386.

387.    There are no factual allegations directed at Defendant in Paragraph 387 to admit or deny. To the extent any allegations are directed at Defendant, they are denied. Defendant denies that class action treatment is appropriate.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested and denies every allegation not expressly admitted.

## ADDITIONAL DEFENSES

Further answering, and without prejudice to its denials and other statements in its pleadings, Defendant asserts the following defenses:

1.    Intervening and/or Superseding Causation: Plaintiffs' claims are barred, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages they claim to have suffered were caused by third-party criminals who are not employees or agents of Defendant.

2.    Contributory Negligence: Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence because Plaintiffs' own negligent actions contributed to any alleged damages they claim to have suffered in the Complaint.

3.    Comparative Negligence: Persons or entities other than Defendant may have tortiously caused or contributed to the damages Plaintiffs claim to have suffered given that the at-issue security incident was perpetrated by third-party cybercriminals. Therefore, any award made in favor of Plaintiffs must be reduced by an amount equal to the percentage of fault of such others in tortiously causing or

contributing to the damages alleged in the Complaint.

4.    <u>Failure to Mitigate</u>: Plaintiffs have failed to mitigate, minimize, or avoid any damage they allegedly sustained because of their own handling of Plaintiffs' sensitive personal information and/or response to the at-issue security incident or others. As such, recovery against Defendant, if any, must be reduced by Plaintiffs' failure to mitigate.

5.    <u>Waiver</u>: Plaintiffs' claims may be barred, in whole or in part, under the doctrine of waiver.

6.    <u>Lack of Standing</u>: Plaintiffs lack standing to assert their claim because they have not suffered any injury-in-fact that can be fairly traced to the security incident.

7.    <u>Assumption of Risk</u>: Plaintiffs' claims are barred, in whole or in part, by assumption of risk because electronically stored information is always at risk of exposure and/or theft by sophisticated cyber-criminals, regardless of what steps any company takes to prevent against it.

8.    <u>Election of Remedies</u>: Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies because they seek inconsistent and conflicting relief that will make them more than whole.

9.    <u>Lack of Damages</u>: Plaintiffs' claims are barred, in whole or in part, because they have not been damaged by the conduct alleged in the Complaint.

10.    <u>No Class Action</u>: Plaintiffs' claims may not be maintained as a class action for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.

11.    <u>Barred by Death</u>: Plaintiffs' claims are barred, in whole or in part, because their claims do not survive to be asserted by the estate.

## RESERVATION OF ADDITIONAL DEFENSES

Discovery is ongoing in this case. Therefore, Defendant reserves the right to assert any additional defenses that might come to its attention or might be developed during the course of this action, whether as a matter of right or by leave of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter judgment for Defendant on Plaintiffs' claims and award Defendant its costs for defending this action, including interest and attorneys' fees, and any other relief that the Court deems just or proper.

Dated: July 26, 2024

Respectfully submitted by:

*/s/ Carrie Dettmer Slye*
Carrie Dettmer Slye (admitted PHV)
Matthew Stewart, KY Bar No. 97352
**BAKER & HOSTETLER LLP**
312 Walnut St. #3200
Cincinnati, OH 45202
Phone: (513) 929-3400
Fax: (513) 929-0303
Email: cdettmerslye@bakerlaw.com
Email: mstewart@bakerlaw.com

Casie Collignon (admitted PHV)
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202
Phone: (303) 861-0600
Fax: (303) 861-7805
Email: ccollignon@bakerlaw.com

*Attorneys for Defendant*

41

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Carrie Dettmer Slye*
Carrie Dettmer Slye