**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| *In Re: Pharmerica Data Breach Litigation*<br><br>This Document Relates To:<br>All Actions | Master File No. 3:23-cv-00297-RGJ |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before the Court for hearing pursuant to Plaintiffs' application for final approval of the settlement set forth in the Settlement Agreement preliminarily approved by this Court on January 12, 2026 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant in the above-captioned case (the "Parties").

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4. The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

all living persons in the United States who were provided notice of the Data Incident.

Excluded from the Settlement Class are [A]ll persons who are directors and officers of Defendant, governmental entities, anyone who validly and timely opts out of the Settlement, and the judge(s) assigned to the Action, the Judge's immediate

1

family, and Court staff.

5.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Claims, against Defendant and the Released Parties by the Releasing Parties are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

6.      Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims; and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against any Released Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  Claims to enforce the terms of the Settlement Agreement are not released.

7.      The distribution of the Notice to the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

8.      The Court has reviewed Plaintiffs' request for attorneys' fees and finds that their request for $3,481,750.00 in fees, from which $1,740,750.00, is payable from the Settlement Fund

2

and $1,741,000.00 payable directly by PharMerica, separate and apart from the Settlement Fund plus $85,910 in reimbursement for litigation costs is reasonable and is hereby granted.

9.     The Court has reviewed Plaintiffs' request for Service Awards in the amount of $3,500 each is reasonable and is hereby granted.

10.     All objections have been considered and overruled.

11.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Defendant and the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendant and the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. Defendant and the Released Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation and enforcement of the terms set forth in the Settlement Agreement; (b) any award, distribution, or

disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

13.	In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered.

14.	The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

15.	There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

4